GRANDPRE, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL, RY. CO., Appellant.

(182 N. W. 527.)

(File No. 4812.    Opinion filed April 2, 1921.    Rehearing denied April 21, 1921.)

1.  Pleadings—Demurrer to Complaint Re Personal Injuries, Grounds (1) Non-statement of Facts Constituting "Cause of Action," (2) "No Danger of Injury to Plaintiff," (3) "Danger Obvious" and Mutually Known, That Plaintiff Assumed Risk—Second, Third, Grounds Surplusage As Limiting First.

Where, in suit for damages for personal injuries, the complaint was demurred to on three grounds, (1) that it failed to state facts constituting cause of action, (2) that complaint shows no danger of injury to plaintiff by shifting belt with rod as described was apprehended, hence defendant was not negligent, etc., (3) that danger of injury to plaintiff was obvious and mutually known and understood by the parties and that plaintiff with full knowledge, etc., continued the service and undertook to shift the belt by use of a rod, thereby assuming risk of injury, held, that the second and third grounds are surplusage unless added to limit paragraph in first demurrer and

pointing out particulars wherein facts alleged were insufficient to constitute cause of action; and trial court will be presumed to have so construed the demurrer and to have considered only the points urged in second and third paragraphs.

2. **Pleadings—Suit for Personal, Injuries—Employee's Use of Defendant's Substitute Belt Shifter—Demurrer, Non-allegation of Defendant's Apprehension of Plaintiff's Exposure to Danger, Effect Re Demurrer.**

Where a complaint for damages for personal injuries incurred by plaintiff employee's use of a substitute and alleged inadequate belt shifter provided by defendant, fails to allege whether defendant apprehended that plaintiff would be exposed to danger through its use, an allegation in the demurrer to the complaint, that it appears that no such danger was apprehended, is without foundation as relating to defendant, and that question is not presented for determination, but is a fact pleadable in defense.

3. **Personal Injuries—Negligence—Power Pump Employee, Belt Shifting Device Removed, Employee's Use of Bar For Shifting Per Employer's Advice, Resulting Injury—Assumption of Risk, Pleadings Re Question Not Involved.**

Where a power pump, which plaintiff employee was operating, was connected by belting with a power motor, in connection with which belt an idler pulley was used and became broken, necessitating its removal and also a belt shifting device, after which plaintiff made known to defendant these facts, whereupon defendant agreed that the shifter and idler would be replaced and instructed plaintiff to continue work, but defendant negligently left the shifter absent and out of repair and failed to provide a proper one, and negligently furnished a belt defective in having its edges worn and frayed, without which shifter it became necessary and plaintiff was instructed by defendant to shift the belt by use of his hands and a bar provided by defendant, the danger in operating which bar was not apparent to plaintiff who did not appreciate such danger, and in reliance on defendant's promise he continued the employment, and while attempting to shift the belt by use of the bar was, through catching of the frayed edges of the belt upon the bar violently thrown and injured; **held,** upon the foregoing facts as pleaded, no such assumption of risk could occur unless other allegations show the allegation that such danger was not apparent to plaintiff and that he was not aware, etc., were so false as to leave no question of fact for jury. . **Held,** further, that the allegations as to danger not being apparent, etc., are not overcome by the other allegations; that even if the question whether to a man of ordinary judgment there would be

such danger in holding said rod against the belt were not one on which reasonable men might differ, yet it could not be claimed it would be apparent that the frayed edges would do more than merely jerk the rod from one's hand; hence, in order to pass upon apparent danger, condition and velocity of belt and kind of rod would have to be known, under all which facts jury would have to determine whether plaintiff assumed the incidental risk.

Appeal from Circuit Court, Day County. HON. FRANK ANDERSON, Judge.

Action by Ward Grandpre against the Chicago, Milwaukee & St. Paul Railway Company, a corporation, to recover damages for alleged personal injuries. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Ed. L. Grantham,* and *C. O. Newcomb,* for Appellant.

*Tom Davis, Ernest A. Michel,* and *Rex W. Harris,* for Respondent.

(2) To point two of the opinion, Appellant cited: St. L. & S. F. R. Co. v. Conarty, 238 U. S. 243; 59 L. Ed. 1290; O'Malley v. South Boston Gas Light Co. (Mass.), 32 N. E. 1119; Nordstrom v. Spokane, etc., Ry. Co. (Wash.), 104 Pac. 809; Becker v. Baumgartner (Ind.), 32 N. E. 786; Detroit Crude Oil Co. v. Grable, 36 C. C. A. 94, 101; 94 Fed. 73; Narramore v. C. C. C. & St. L. Ry. Co., 37 C. C. A. 499; 96 Fed. 298.

Respondent cited: Gila Valley G. & N. R. Co. v. Hall, 232 U. S. 94, 102; 58 L. Ed. 521; 34 S. C. 229; Seaboard Air Line Co. v. Horton, 239 U. S. 595; 36 Sup. Ct. 180; 60 L. Ed. 458; Great Northern Railway Company v. Knapp, 240 U. S. 464; 36 Sup. Ct. 399; 60 L. Ed. 745; Roberts Federal Liabilities of Carries, Vol. 1, par. 571.

WHITING, J.   Plaintiff seeks to recover damages alleged to have been suffered by him from an injury resulting from defendant's negligence. Defendant has appealed from an order of a trial court overruling a demurrer to the complaint.

The complaint sets forth: That defendant is a railroad corporation engaged in interstate commerce; that plaintiff was an employee of defendant for several months prior to the time of the alleged injury; that it was his duty to run a power pump used in pumping water for engines; that on or about September 1, an idler pulley, used in connection with the belt running such

pumping machine, became broken; that it became necessary to remove such idler pulley and also a belt-shifting device used in shifting the belt; that after the breaking of such idler and the removing of that and the shifting device plaintiff made the fact of the breaking and removing of such parts known to defendant; that defendant promised and agreed that such shifter and idler would be replaced in due season; that defendant instructed plaintiff to continue his work; that defendant negligently left said shifting appliance absent from said machinery and out of repair, and negligently failed to provide a proper shifting device; that defendant negligently furnished a defective belt, defective in that its edges were worn and frayed; that because of the absence of such shifting device it became necessary to, and plaintiff was instructed by defendant to, shift the belt by the use of his hands and a bar provided by defendant; that the danger in so shifting the belt by means of such bar was not apparent and imminent, and plaintiff was unaware of and did not appreciate such danger; that plaintiff relied upon the promise made by defendant to replace such shifter and idler and continued in his employment; that on September 22, while attempting to shift the belt by the use of such bar, plaintiff, through the catching of the frayed edges of the belt upon the bar, was violently thrown and injured; and that such injury was caused by the defendant's negligence in failing to provide a shifter for shifting the belt, in furnishing and using the defective belt, in failing to warn plaintiff of the danger from using the bar, and in failing to instruct plaintiff how to shift the belt with such bar.

[1]   The demurrer to the complaint was set forth in three separate paragraphs. In the first it was alleged that "the complaint fails to state facts sufficient to constitute a cause of action;" in the second "that it appears by the complaint that no danger of injury to the plaintiff by shifting the belt with the rod, as described, * * * was apprehended or anticipated, and hence the defendant was not negligent in requiring the plaintiff to so shift the belt"; in the third "that all danger of injury to plaintiff was obvious, open, and apparent, as well known and understood to the plaintiff as to the defendant, and that the plaintiff, with full knowledge of the conditions, continued in the service and voluntarily undertook to shift the belt by the use of the rod * * * and

therefore assumed the risk of injury." It is perfectly apparent that the second and third paragraphs are absolutely surplusage, unless they were added for the purpose of limiting the first paragraph and pointing out the particulars wherein the facts alleged in the complaint were insufficient to constitute a cause of action. We must presume the trial court so construed the demurrer and only considered the points urged in the second and third paragraphs thereof.

[2] The complaint fails to allege whether or not defendant apprehended or anticipated that plaintiff would be exposed to danger through defendant's requiring him to shift the belt in the manner he did shift it at the time of injury. Therefore the allegation in the demurrer that it appears that no such danger was apprehended or anticipated is without foundation, so far as it might refer to defendant. The question therefore is not before us as to what would be the legal effect of defendant's failure to apprehend or anticipate such danger. If the fact of defendant's failure to apprehend or anticipate such danger would be a defense, it is certainly a fact to be pleaded and proven.

[3] Under the facts as alleged, did plaintiff assume the risk incident to using the bar in shifting the belt? He alleges that such danger was not apparent, and that he was unaware of and did not appreciate such danger. Certainly there could be no assumption of risk unless the other allegations of the complaint show these allegations to be false, and so clearly established their falsity as to leave no question of fact for a jury. To our minds these allegations as to the danger not being apparent, and as to plaintiff being unaware of and not appreciating such danger, are not overcome by the other allegations of the complaint. The most that could be claimed would be that it must have been perfectly apparent to any man of ordinary judgment that there would be danger in attempting to shift, with a rod held in his hands, a belt having frayed edges. But even if this were not a question upon which reasonable men might differ, yet certainly it could not be claimed that it would be perfectly apparent that the rough or frayed edges would do more than merely jerk the rod out of one's hand. It certainly is clear that, in order to pass upon the apparent danger, the real condition of the belt, the velocity at which it ran, and the kind of rod used would all have to be

known; and even then it would be for a jury to consider the facts proven and determine whether or not such facts warranted a finding that plaintiff assumed the risk incident to the use of such rod.

The order appealed from is affirmed.